*Margin note:* BUISSON v. STAATS.

---

The of State Louisiana on the Relation of C. Baumback *v.* J. Dubuc.

The Governor has no power, under the Constitution of 1852, to appoint, during the recess of the Senate, to an office not vacant.

The case of the State, on the relation of *Segur* v. *Crenshaw*, 8 Annual, affirmed.

APPEAL from the First District Court of New Orleans, *Larue*, J.
*Bonford & Finney*, for the relator and appellant. *Collins*, for defendant.

Slidell, C. J. (Voorhies, J., absent.) The Act of June 1, 1846, provides for the appointment by the Governor, by and with the advice and consent of the Senate, of inspectors of weights and measures for New Orleans. Under this Act Dubuc was appointed by Governor Walker, by and with the advice and consent of the Senate, on the 15th March, 1852. The term of office, under the statute, was two years. Acts of 1846, p. 95, sec. 2.

Baumback was appointed to the same office by Governor Hébert, June 1, 1853, during the recess of the Senate. The commission, under which he claims, bears that date.

In the case of the State on the relation of *Sigur* v. *Crenshaw*, we had occasion to consider the effect of the Constitution of 1852, upon officers commissioned under the antecedent Constitution and Government; and a majority of this

Court, affirmed a judgment in favor of *Sigur*, who had been appointed by the Governor elected under the Constitution of· 1852, by and with the advice and consent of the Senate.

We refer to the views then expressed and to the conclusions to which we then came, to wit: that the tenure of the former incumbent ceased upon the appointment and readiness to enter into office of the new officer.

So that the true question here, as the District Judge correctly observed, is whether there has been an appointment of a new officer under the new Government. That is to say, an appointment constitutionally valid.

We concur with the District Judge in his conclusion that no such appointment has been made; and this, because the appointment of *Baumback* was made during the recess of the Senate, and the office was not then vacant. By the Article 48 of the Constitution of 1852, the Governor is clothed with power to fill, for a limited time, vacancies that may happen during the recess of the Senate; but not with powers to create a vacancy. The general grant of the appointing power is found in Art. 47. It is vested in the Governor acting by and with the advice and consent of the Senate. The special grant in Article 48 is restricted to filling, for a limited time, vacancies occurring during the recess of the Senate, and was made to avoid the inconvenience to the public service which would arise from leaving offices vacant during the interval which might elapse before the re-assembling of the Governor's constitutional advisers. We consider the Art. 144, where it speaks of "the entering into office of the new officers to be appointed under said Government," as pointing to the general grant of the appointing power in cases generally, and to the exceptional grant in the excepted cases, to wit: vacancies.

There is no reason to infer from the provisions of the Constitution of 1852, taken as a whole, a grant to the Chief Executive Magistrate of a larger control over appointments than was conferred by the Constitution of 1845. It will be observed that in important particulars the former appointing power of the Executive was curtailed by a transfer to the people.

We think, with the District Judge, that Article 145 was put into the schedule for the purpose of preventing the Governor elected under the Constitution of 1845 from making appointments under the Constitution of 1852, after it should go into operation, and during the interval which would occur before the entering into office of the new Governor.

The error of the appellant's counsel consists in considering a vacancy as having occurred in this case. It is not a *vacancy* in the sense of Article 48, which results from the operation of Art. 144, upon the defendant's commission; but the cessation of the tenure of the old officer appointed under the former Government, upon the Constitutional appointment, and entering into office of a new officer.

We have already noticed the fact which distinguishes this case from that of *Sigur*. *Sigur* was appointed by the Governor, by and with the advice and consent of the Senate. See 8 Ann., p. 401.

Judgment affirmed. Costs of appeal to be paid by appellant.